```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF VIRGINIA
                         ROANOKE DIVISION
```

| | |
|---|---|
| W. CLARKSON MCDOW, JR., | )<br>) |
| Appellant, | )<br>) |
| | ) Civil Action No. 7:05CV00592 |
| v. | )<br>) **MEMORANDUM OPINION** |
| MICHAEL S. FENSTER, | )<br>) By: Hon. Glen E. Conrad |
| Appellee. | ) United States District Judge |

This case is before the court on the United States Trustee's appeal from an order by the United States Bankruptcy Court, denying the Trustee's motion to dismiss the above-captioned case for substantial abuse. For the reasons set forth below, the court will affirm the decision of the bankruptcy court.

I.  **Procedural History**

On November 25, 2003, Michael S. Fenster filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701, et seq. The United States Trustee ("Trustee") filed a motion to dismiss the case under 11 U.S.C. § 707(b), based on substantial abuse of the bankruptcy system. The bankruptcy court entered an Order and Memorandum Decision denying the motion to dismiss. The Trustee timely filed his Notice of Appeal.

II. **Statement of Facts**

Fenster is employed as an interventional cardiologist. In 2003, he had a gross income of $393,599. In 2001, the debtor and his wife separated, and he bought a condominium for approximately $400,000, financed by a loan secured by a mortgage on the property.

In the spring or early summer of 2002, Fenster purchased the majority ownership of a corporation which owned a restaurant, and Fenster built a wine cellar addition. He took out a second mortgage on the condominium for $100,000 to pay for the restaurant and wine cellar. At the end of October 2002, Fenster changed jobs to a position in North Carolina, leaving his fiancée to manage the restaurant. She was paid $800 a month to serve as the restaurant manager. Fenster rented a house in North Carolina, and continued to return to Roanoke on weekends to see his children. Due to financial problems, the restaurant closed in November, 2003.

In the summer of 2003, Fenster unsuccessfully attempted to sell his condominium. Fenster also lost his job in North Carolina and relocated to Ohio.

In addition to the mortgage on the condominium, Fenster has two other secured debts: a loan secured by a 2002 Pontiac Firebird, worth $15,792.09 at the time the suit was filed, and an obligation of $31,982.54 on two time-share units in the Bahamas.

On November 25, 2003, Fenster filed a Chapter 7 bankruptcy petition. He listed $3,648 in unsecured priority tax debt, $401,686.79 in general unsecured debt, and $550,588.63 in secured debt. The bankruptcy court found, and the parties agree, that the debts are primarily consumer debts. (Mem. Decision 5.) Fenster reported a gross monthly income of $24,999.38 and a net monthly income of $14,851.80. Fenster listed his monthly expenses as $18,206.67.

### III. Analysis

#### A. Standard of Review

A district court reviews a bankruptcy court's findings of fact under a clearly erroneous standard and reviews a bankruptcy court's conclusions of law de novo. In re Tudor Assocs., Inc., II, 20 F.3d 115, 119 (4th Cir. 1994). A bankruptcy court's decision on a motion to dismiss

2

under 11 U.S.C. § 707(b) is reviewed for abuse of discretion. In re Behlke, 358 F.3d 429 (6th Cir. 2004).

B. Discussion

A court may dismiss a Chapter 7 bankruptcy case if granting relief to the debtor would constitute "substantial abuse." Section 707(b) of the Bankruptcy Code provides:

> After notice and a hearing, the court, on its motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

11 U.S.C. § 707(b) (emphasis added). The bankruptcy court can therefore dismiss a Chapter 7 case if an individual has "primarily consumer debts" and the "granting of relief would be a substantial abuse of the provisions of the chapter." Id. The United States Court of Appeals for the Fourth Circuit has adopted a "totality of the circumstances" test to determine whether substantial abuse has occurred. In re Green, 934 F.2d 568, 570 (4th Cir. 1991). This approach involves evaluation of factors such as: (1) whether the bankruptcy petition was filed due to sudden illness, calamity, disability, or unemployment; (2) whether the debtor incurred cash advances and made consumer purchases in excess of his ability to repay; (3) whether the debtor's proposed family budget is excessive or unreasonable; (4) whether the debtor's schedule and statement of current income and expenses reasonably and accurately reflect his true financial condition; and (5) whether the petition was filed in good faith. Id. In addition, the Fourth Circuit

3

noted that most courts have held that the debtor's ability to repay is the primary factor to consider in a substantial abuse determination.[1]

The Trustee argues that the bankruptcy court erred in denying the motion to dismiss for substantial abuse. According to the Trustee, the bankruptcy court did not properly apply the factors in Green, and inappropriately considered factors which were not enumerated in Green. This court agrees with the bankruptcy court's application of Green, and finds that granting Fenster Chapter 7 relief did not result in the substantial abuse of Chapter 7 provisions.

The Trustee contends that the bankruptcy court should not have considered Fenster's ineligibility for Chapter 13 relief and the existence of nondischargeable debt as part of the "totality of the circumstances" analysis. This court finds that the bankruptcy court properly considered these factors, although the factors were not among those listed in Green. In Green, the Fourth Circuit instructed that, "'[t]he totality of the circumstances' approach involves an evaluation of factors such as the following ..." Id. at 572 (emphasis added). This wording implies that the factors listed in that decision are not exclusive of other factors that the court may consider. See e.g., In re Vansickel, 309 B.R. 189, 196 n.9 (Bankr. E.D. Va. 2004). The bankruptcy court therefore did not abuse its discretion in considering these factors as part of the "totality of the circumstances" in deciding to grant Chapter 7 relief to Fenster.

---

[1] As the Appellee points out, the Fourth Circuit observed in Green that "the majority of the cases hold that the debtor's ability to repay is the primary factor to be considered." 934 F.2d at 572. The Court did not actually state, however, that the ability to repay should be the primary factor considered. In the recent case of In re Harrelson, Judge Kiser found that a debtor's ability to repay debts must be the "primary factor in determining substantial abuse." 323 B.R. 176, 180 (W.D. Va. 2005).

4

The court also finds that the bankruptcy court did not abuse its discretion in deciding that relief under the circumstances of this case would not result in substantial abuse of the Chapter 7 provisions. In applying the "totality of the circumstances" test, the bankruptcy court considered the six factors set forth in Green and the two additional factors discussed supra. The court found that four factors weighed against granting the motion to dismiss and four factors weighed in favor of granting the motion to dismiss.

The bankruptcy court found that the totality of the circumstances weighed against the motion to dismiss. First, Fenster's income and expenses were accurately recorded. (Mem. Decision 22.) The bankruptcy court found that the schedules were not inaccurate for failing to reflect over-withholding on Fenster's income taxes and that Fenster was not required to report bonuses. Id. Second, Fenster did not use cash advances on his credit cards for consumer purchases. Id. at 28. Third, Fenster filed his Chapter 7 petition in good faith and on the advice of counsel. Id. at 23. Fourth, Fenster was ineligible to file for Chapter 13 relief. Id. at 26.

The bankruptcy court found that four circumstances weighed in favor of the motion to dismiss. First, the bankruptcy court found that Fenster had the ability to repay a reasonable portion of his debts, and could pay a substantial amount to his unsecured creditors over the next three years. Id. at 16-17. The bankruptcy court also noted that this should be "the primary factor in determining substantial abuse." Id. at 13 (citing In re Harrelson, 323 B.R. 176, 179 (W.D. Va. 2005)). Second, Fenster did not file his Chapter 7 petition due to sudden illness, calamity, disability, or unemployment. Id. at 18. The bankruptcy court found that Fenster's business failure did not constitute an unforeseen tragedy, as "it is common knowledge that restaurant ventures often fail, [and] the Debtor should have been aware of the substantial risk of loss of his

5

investment." Id. Third, the bankruptcy court found that Fenster clearly made consumer purchases beyond his means to pay for them, as his monthly consumer debts were significantly greater than his regular "take home" pay. Id. at 20. Finally, the court found that Fenster's refusal to adjust his standard of living to fulfill his obligations to creditors resulted in a budget that was excessive and unreasonable. Id. at 21.

The bankruptcy court determined that the factors weighing against the motion to dismiss were approximately equal to the factors weighing in favor of the motion. Id. at 29. The bankruptcy judge indicated that this determination was based on weighing, rather than counting, the factors for and against dismissing the case. Id. The bankruptcy court then considered the statutory presumption in favor of granting relief under § 707(b). See 11 U.S.C. § 707(b) ("[t]here shall be a presumption in favor of granting the relief requested by the debtor"); see also Green, 934 F.2d at 573 ("[t]he bankruptcy court's analysis should reflect consideration of the Section 707(b) presumption in favor of granting the requested relief"). In combination, this led the bankruptcy court to conclude that relief under § 707(b) should not be denied based upon substantial abuse.

## IV. Conclusion

In reviewing de novo the bankruptcy court's consideration of factors other than those enumerated in Green, the court believes that the bankruptcy court correctly concluded that the list was not exhaustive. In addition, the court concludes that the bankruptcy court properly determined under Green that four factors weighed in favor of granting the motion to dismiss for substantial abuse, including the primary factor of the debtor's ability to repay his debts, and four factors weighed against granting the motion. A review of the totality of the circumstances leads

6

this court to agree with the bankruptcy court that the weight of each set of factors was approximately equal. Given the conclusion that the relevant factors were in equipoise, the court believes that the bankruptcy court reasonably afforded controlling weight to the statutory presumption favoring relief. The bankruptcy court did not abuse its discretion in its application of the "totality of the circumstances" analysis. Accordingly, the decision of the bankruptcy court will be affirmed.

ENTER: This 17th day of March, 2006.

*/s/ Jon␣␣Conrad*

United States District Judge

7

Case 7:05-cv-00592-GEC   Document 11   Filed 03/17/06   Page 7 of 7   Pageid#: 78